SHAW, Judge,
concurring in part and concurring in the result.
Although I agree with most of the analysis in Part I of the main opinion, I note that, in my view, this Court’s holding is dictated by State v. Click, 768 So.2d 417, 421 (Ala.Crim.App.1999), in which we held *81 that “[a] postconviction petitioner who raises a Sixth Amendment claim of ineffective assistance of counsel ‘waives the attorney-client privilege as to matters reasonably related to the claim of inadequate representation.’ ” In Click, this Court, quoting Charles W. Gamble, McElroy’s Alabama Evidence, § 394.01(3) (5th ed.1996), went on to state:
“ ‘If the client charges the attorney with misconduct, the privilege is lifted insofar as is necessary to enable the attorney to combat the charge. This would necessarily mean that the client could not base a lawsuit against the attorney upon the negligence of the attorney’s advice and then object when the attorney attempts to testify as to the attorney’s own version of what was said. This would open the door, of course, to only so much of the privileged matter that is relevant and necessary to the attorney’s defense.” ’
768 So.2d at 422. Therefore, I concur in the result as to part I.
I concur as to Part II.
WISE, J., concurs.